UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZYGMUNT KRZEMINSKI,

Plaintiff,

- against -

GRINPOINT CONSTRUCTION, LLC, and MAREK KACZOR,

Defendants.

Civil Docket No.:

**COMPLAINT**

## NATURE OF THE ACTION

1. Plaintiff, ZYGMUNT KRZEMINSKI ("Plaintiff"), brings this action against Defendants, GRINPOINT CONSTRUCTION, LLC, and MAREK KACZOR (collectively "Defendants"), to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL") § 193 and 195, *et. seq*., 12 N.Y. Codes, Rules, and Regulations ("NYCRR") § 142 *et. seq*., and applicable regulations.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims set forth herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal questions regarding the deprivation of his rights under federal law.

3. This Court has supplemental jurisdiction over the NYLL claims set forth herein pursuant to 28 U.S.C. § 1367 because these claims closely relate to the federal claims under FLSA, having arisen from a common nucleus of operative facts, such that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside within the Eastern District of New York and a substantial part of the events or omissions giving rise to the claim occurred therein.

## PARTIES

5. Plaintiff, ZYGMUNT KRZEMINSKI, is an individual residing in the State of New York.

6. Defendant, GRINPOINT CONSTRUCTION LLC is a corporation registered and authorized to do business in the State of New York.

7. Defendant, MAREK KACZOR, is the owner and operator of Defendant, GRINPOINT CONSTRUCTION, LLC. He is sued in his individual capacity as Plaintiff's employer.

8. At all times relevant and material to this action, Defendants employed Plaintiff to work at various locations throughout the State of New York and have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

9. As set forth below, and at all times relevant and material to this action, Defendants constituted Plaintiff's "employers" under the FLSA and the NYLL in that they had the power to hire and fire Plaintiff, control the terms and conditions of his employment, maintain employment records, and determine the rate and method of compensation provided to him.

10. Upon information and belief, and as described below, Defendant, GRINPOINT CONSTRUCTION LLC, constitutes an "enterprise" under the FLSA and engaged in commerce whose gross annual revenue is at least $500,000.

## FACTS

11. At all relevant times herein, Defendant, GRINPOINT CONSTRUCTION, LLC, was a construction company registered and operating in the State of New York.

12. At all relevant times herein, Defendants, GRINPOINT CONSTRUCTION, LLC, and MAREK KACZOR, maintained a practice and policy of assigning Plaintiff to work more than forty ("40") hours per week without paying him the applicable overtime hourly rate for all hours worked in excess of forty ("40") hours per week, in violation of the FLSA and NYLL.

13. Defendants' failure to comply with the FSLA and NYLL caused Plaintiff to suffer loss of wages and interest thereon.

14. At relevant times herein, Plaintiff's work was performed in the normal course of Defendants' business and did not involve executive or administrative responsibilities.

15. Plaintiff usually worked six ("6") days a week.

16. Plaintiff usually worked between eleven ("11") and twelve ("12") hours a day.

17. Plaintiff hourly rate was thirty-five dollars and zero cents ("$35.00").

18. At all relevant times herein, Plaintiff did not receive pay for all hours he worked for the Defendants.

19. At all relevant times herein, Plaintiff never received the applicable overtime premium for hours worked in excess of forty ("40") hours per week.

20. At all times relevant herein, Defendants have maintained a policy and practice of requiring Plaintiff to regularly work in excess of eight hours per day, without providing overtime compensation and "spread of hours" compensation.

21. Plaintiff never received a hiring notice or wage statements from Defendants.

22. Defendants' failure to pay Plaintiff wages and overtime, and "spread of hours" compensation, as well as to provide him with a hiring notice and wage statements, was willful and lacked a good faith basis.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Unpaid Overtime under FLSA)**

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

24. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

25. At all relevant times, Defendants failed to pay Plaintiff the overtime premium for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

26. Defendants' foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

27. As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**(Unpaid Overtime under NYLL)**

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

29. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

30. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

31. Plaintiff worked more than forty ("40") hours a week while working for Defendants.

32. At all relevant times to this action, Defendants failed to pay Plaintiff the applicable overtime hourly rate for all hours worked in excess of forty ("40") per work week, in violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2.

33. Defendants' failure to pay wages and overtime compensation to Plaintiff for work performed after the first forty ("40") hours worked in a week was willful.

34. By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**(Unpaid Wages under NYLL)**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

36. Pursuant to Article Six of the NYLL, workers such as the Plaintiff are protected from wage underpayments and improper employment practices.

37. Pursuant to Labor Law § 191, and the cases interpreting same, workers such as Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

38. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff that is not otherwise authorized by law or by the employee.

39. Defendants have failed to pay Plaintiff all wages due for the hours he worked for Defendants.

40. Pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions by withholding wages owed to Plaintiff.

41. Defendants' failure to comply with the NYLL caused Plaintiff to suffer loss of wages and interest thereon.

42. Defendants' failure to comply with the NYLL was willful.

43. Due to Defendants violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(Spread of Hours" under the NYCRR)**

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

45. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

46. Defendants required that Plaintiff typically work more than ten ("10") hours in a day.

47. At all times relevant to this action, Defendants failed to pay Plaintiff the "spread of hours" premium required by 12 NYCRR § 142-2.4.

48. Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiff after ten ("10") hours in a day was willful.

49. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Wage Statements under NYLL)**

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51. New York Labor Law § 195(3) requires employers to "furnish each employee with a statement with every payment of wages."

52. At all times relevant to this action, Defendants failed to furnish Plaintiff with any wage statements as required by NYLL § 195(3).

53. Defendants' failure to furnish Plaintiff with wage statements was willful.

54. By the foregoing reasons, Defendants have violated NYLL § 195(3) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Failure to Provide Hiring Notices under NYLL)**

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

56. New York Labor Law § 195(1)(a) requires employers to furnish "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

57. At all times relevant to this action, Defendants failed to furnish Plaintiff with a hiring notice as required by NYLL § 195(1)(a).

58. Defendants' failure to furnish Plaintiff with a hiring notice was willful.

59. By the foregoing reasons, Defendants have violated NYLL § 195(1)(a) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following:

60. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

61. A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiff under the FLSA and the NYLL.

62. A compensatory award of unpaid wages under the FLSA and the NYLL.

63. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216.

64. An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to the NYLL.

65. An award of statutory penalties for Defendants' failure to provide Plaintiff with wage statements and hiring notices pursuant to the NYLL.

66. An award of back pay.

67. An award of punitive damages.

68. An award of pre- and post-judgment interest.

69. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and such other and further relief this Court deems just and proper.

Dated: October 23, 2026
Brooklyn, New York

**JODRE BRENECKI, LLP**

Nicole Brenecki, Esq.
101 North 10th Street – Suite 303
Brooklyn, NY 11249
T.: (347) 563-2605
Email: nicole@jodrebrenecki.com